1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10

11  LEVI JAMES,                          )    Civil No. 13-3009-GPC(WVG)
                                         )
12                   Petitioner,         )    REPORT AND
                                         )    RECOMMENDATION DENYING
13  v.                                   )    PETITION FOR WRIT OF HABEAS
                                         )    CORPUS
14  HEIDI LACKNER, et al.,               )
                                         )
15                   Respondent.         )
                                         )
16  _____     )

17

18                                     **I**

19                            **<u>INTRODUCTION</u>**

20          Petitioner Levi James (hereafter "Petitioner"), a state prisoner proceeding *pro*

21  *se*, has filed a Petition for Writ of Habeas Corpus  (hereafter "Petition") pursuant to 28

22  U.S.C. § 2254.  Respondent Heidi Lackner (hereafter "Respondent") filed an Answer

23  to the Petition. Petitioner filed a Traverse to Respondent's Answer on March 10, 2014.

24          Petitioner contends he is entitled to federal habeas corpus relief because the

25  trial court failed to declare a mistrial *sua sponte* after his trial was allegedly rendered

26  unfair by a witness's reference to his status as a parolee-at-large.  (Petition, Attachment

27  A at 6-9).

28

13cv3009

The Court has considered the Petition, Respondent's Answer, Petitioner's Traverse, and all the supporting documents and evidence presented in this case. For the reasons set forth below, the Court RECOMMENDS that the Petition be DENIED.

## II

## FACTUAL BACKGROUND

This Court gives deference to state court findings of fact and presumes them to be correct. See 28 U.S.C. § 2254(e)(1); see also Miller-El v. Cockrell, 537 U.S. 322, 340, 123 S.Ct. 1029, 1041 (2003) ("Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary.") The following statement of facts is substantially taken from the California Court of Appeal opinion, People v. Levi James, No. D062386, slip. op. (Cal. Ct. App. June 26, 2013). (Respondent's Lodgment 6.)

> [Petitioner] does not challenge the sufficiency of the evidence to establish his guilt of the charged offenses. The actual facts of those offenses are not very significant in the analysis of the legal issues in this case. Accordingly, we will adopt the brief summary of the facts as set forth in the respondent's brief.
>
> About 9:30 p.m., on February 12, 2012, Micah Clothier was working as a nonuniformed asset protection agent in a drug store on South Coast Highway in Oceanside, California, when [Petitioner] entered the store with another man. Clothier watched as [Petitioner] walked around the store for about a minute and then walked to the liquor section of the store.
>
> While Clothier was standing in an aisle next to the liquor section and looking at a ceiling mounted mirror over the liquor section and a television monitor displaying the liquor section, he saw [Petitioner] remove a sensor cap from a bottle of Jack Daniel's liquor worth $40.00, and put the bottle down his pants leg. Clothier decided to stop [Petitioner] in the store rather than to allow [Petitioner] to leave the store with the liquor.
>
> As [Petitioner] walked down an aisle towards Clothier, Clothier identified himself to [Petitioner] as the store's agent, and demanded [Petitioner] hand Clothier the liquor. [Petitioner] responded, "I don't give a fuck who you are," continued to walk towards Clothier, and caused Clothier to move to the side. [Petitioner] pushed past Clothier and bumped Clothier's shoulder with his own shoulder. When Clothier stepped back into [Petitioner's] path, [Petitioner] responded by rushing at Clothier, with both hands extended and arms bent at the elbow, and he grabbed Clothier's throat with an open hand.

Clothier grabbed [Petitioner's] neck to protect himself, and the two men began grappling with each other.

After Clothier managed to place [Petitioner] into a headlock, Clothier felt a hard, blunt object twice hit the back of his head. Clothier's head began to hurt. No one was behind Clothier. Clothier saw that [Petitioner] was holding the liquor bottle by the neck. Another worker in the store also saw [Petitioner] holding a bottle as [Petitioner] was struggling with Clothier.

After Clothier yelled for help, store employees and a bystander rushed to Clothier's assistance and helped put [Petitioner] on the ground. The bottle broke on the ground. As [Petitioner] struggled to get free, he grabbed Clothier's crotch. Clothier responded by punching him a couple of times. Police arrived soon thereafter and arrested [Petitioner].

Clothier suffered a lump and a laceration on the back of his head and an injury to the bridge of his nose.

[Petitioner] had no cash, wallet, or method of payment with him at the time he was arrested.

[Petitioner] did not testify at trial.
(Respondent's Lodgment 6 at 3-5.)

As indicated in the above statement, the aforementioned facts are not contested by Petitioner, and are not very significant in the analysis of the legal issue in this case. (Respondent's Lodgment 6 at 3.) The events giving rise to the legal issue under consideration occurred during Petitioner's trial, and are described below:

Prior to the commencement of trial, in efforts to avoid prejudice toward Petitioner, the trial court granted a defense motion to exclude evidence of Petitioner's status as a parolee-at-large at the time of his arrest. (Id. at 5.) Nevertheless, during the testimony of witness Officer Nickolas Nunez of the Oceanside Police Department, testimonial evidence of Petitioner's parolee status surfaced. (Id. at 6.) Immediately thereafter, the court, *sua sponte*, instructed the jury to disregard Officer Nunez's statement, and recessed the jury for a brief duration to confer with counsel out of the jury's presence. (Id.) While the trial court discussed the officer's improper statement with counsel, it declined a defense motion to dismiss the case, but added that a defense motion for mistrial would be granted if defense counsel desired. (Respondent's Lodgment 4 at 6.) However, Petitioner's counsel declined to move for a mistrial,

13cv3009

fearing that it would provide the prosecution an opportunity to retry the case against Petitioner. (Respondent's Lodgment 2 at 182). After the court conferred with counsel, the trial resumed in the presence of the jury, at which point the court gave further instructions to the jury to disregard Officer Nunez's statement regarding the Petitioner's parolee status, and that the issue raised in the improper statement would not be litigated in this trial. (Respondent's Lodgment 4 at 8.)

After the prosecution rested its case, counsel for Petitioner again suggested that the trial court dismiss the case, or in the alternative, to declare a mistrial *sua sponte*. (Id.) The court decided it did not have a legal basis to take either of these actions, and that these proposed remedies would be too severe because jeopardy would attach to the charges. (Id. at 8-9. See also Respondent's Lodgment 2 at 202.) Instead, it again instructed the jury to disregard the evidence pertaining to Petitioner's parolee status. (Respondent's Lodgment 4 at 9). The jury found Petitioner guilty on all charges. (Respondent's Lodgment 1 at 18-21; Respondent's Lodgment 4 at 10).

### III
### PROCEDURAL BACKGROUND

#### A. Trial Court

On June 7, 2012, Petitioner was convicted by jury in California Superior Court case SCN 302219 on four counts consisting of robbery (Cal. Penal Code § 211), assault with a deadly weapon (Cal. Penal Code § 245(a)(1)), misdemeanor petty theft (Cal. Penal Code § 484), and burglary in the second degree (Cal. Penal Code § 459). (Respondent's Lodgment 1 at 18-21, 178.) The jury also found that Petitioner used a deadly weapon in commission of the robbery and assault [Cal. Penal Code § 12022(b)(1), 1192.7(c)(23)]. (Id. at 18-21.) The Superior Court found that Petitioner had been previously sentenced to prison within the meaning of California Penal Code § 667.2(b), and had previously been convicted of a serious and violent felony within the meaning of California Penal Code § 667(b)-(i). (Id. at 178.) The trial court struck

the prior convictions and sentenced Petitioner to four years, eight months in state prison. (Id. at 159-60, 178.)

**B. California Court of Appeal**

Petitioner appealed his convictions and sentence to the California Court of Appeal. (Respondent's Lodgments 3, 5). There, Petitioner claimed that the trial court failed to declare a mistrial, and that his petty theft conviction was actually a lesser included offense of his robbery conviction, and should have accordingly been stricken. (Respondent's Lodgment 3 at 6, 17.) In an unpublished decision dated June 26, 2013, the Court of Appeal agreed with the latter contention and reversed Petitioner's petty theft conviction. (Respondent's Lodgment 6 at 9). However, the Court of Appeal denied Petitioner's claim regarding the trial court's purported failure to declare a mistrial, explaining that it was well within its discretion to decline to declare a mistrial *sua sponte*. (Id. at 5, 9.) The Court of Appeal further found that the trial court's remedy of extensive corrective jury instructions and jury admonitions eliminated any possible prejudice. (Id. at 5.)

**C. Exhaustion of State Remedies**

On August 7, 2013, Petitioner filed a Petition for Review in California Supreme Court. (Respondent's Lodgment 7.) On September 11, 2013, the California Supreme Court denied the Petition without comment, exhausting Petitioner's state remedies. (Respondent's Lodgment 8.)

On December 16, 2013, Petitioner filed a Petition for Writ of Habeas Corpus in this Court. On February 11, 2014, Respondent filed an Answer to the Petition. On March 10, 2014, Petitioner filed a Traverse to Respondent's Answer.

**IV**

**STANDARD OF REVIEW**

Title 28, United States Code, § 2254, as amended by the Antiterrorism and Effective Death Penalty Act ("the AEDPA"), applies to all petitions for Writs of Habeas Corpus filed in federal court after the AEDPA's effective date of April 24,

13cv3009

1  1996.  Lindh v. Murphy, 521 U.S. 320, 336, 117 S. Ct. 2059, 2068 (1997).  Because the

2  Petition was filed on December 16, 2013, the AEDPA applies to this case.  Section

3  2254(a) sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a).

As amended, 28 U.S.C. § 2254(d) provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  28 U.S.C. § 2245(d)(1)-(2) (emphasis added).

"AEDPA establishes a 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'" Womack v. Del Papa, 497 F.3d 998, 1001 (9th Cir. 2007); quoting Woodford v. Viscotti, 537 U.S. 19, 24, 123 S. Ct. 357, 360 (2002).  To obtain federal habeas relief, Petitioner must satisfy either § 2254(d)(1) or § 2254(d)(2).  See Williams v. Taylor, 529 U.S. 362, 403, 120 S. Ct. 1495, 1517 (2000).  The Supreme Court has ruled that the "contrary to" clause of § 2254(d)(1) permits a grant of habeas relief "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts."  (Id. at 412-13.)  The Supreme Court has also interpreted the "unreasonable application" clause of § 2254(d)(1) to allow a grant of "the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's

case." (Id. at 413.)  The Supreme Court has clarified that under § 2254(d)(2), even an erroneous or incorrect application of clearly established federal law does not support a habeas grant, unless the state court's application was "objectively unreasonable." Lockyer v. Andrade, 538 U.S. 63, 75, 123 S. Ct. 1166, 1174 (2003).

"Where there has been one reasoned judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." Ylst v. Nunnemaker, 501 U.S. 797, 803, 111 S. Ct. 2590, 2594 (1991); Shackleford v. Hubbard, 234 F. 3d 1072, 1079 n.2 (9th Cir. 2000). A federal court looks "to the last reasoned decision of the state court," here the California Court of Appeal, as the basis for the state court's judgment. Womack v. Del Papa, 497 F.3d 998, 1002 (9th Cir. 2007); quoting Franklin v. Johnson, 290 F.3d 1223, 1233 n.3 (9th Cir. 2002). A state court need not cite Supreme Court precedent when resolving a habeas corpus claim. See Early v. Packer, 537 U.S. 3, 8, 123 S. Ct. 362, 365 (2002). Notwithstanding the absence of citations to Supreme Court precedent, habeas relief is not merited if the state court decision neither contradicts the reasoning nor the result of Supreme Court rulings. (Id.)

# V

## DISCUSSION

Petitioner claims that habeas relief is proper because his due process rights were violated when his trial was allegedly rendered fundamentally unfair as a result of Officer Nunez's testimonial disclosure of Petitioner's status as a parolee-at-large. (Petition at 6.) Petitioner argues that in light of the disclosure, the trial court had a duty to declare a mistrial *sua sponte*.[1]

---

[1] Further, Petitioner complains of repeatedly receiving his mail with significant delay since arriving at the correctional institution in which he resides. (Petition, Attachment A at ii). Petitioner contends that on several occasions his mail had been opened by the correctional institution's staff prior to its delivery to him. (Id.) Petitioner claims that delaying his mail denies him access to the courts, as required by the United States Constitution. (Id.) However, Petitioner does not contend that the mail issue provides grounds for federal habeas corpus relief. (See id.)

13cv3009

## A. **Petitioner's Due Process Rights Were Not Violated By the Trial Court's Refusal to Declare a Mistrial *Sua Sponte***

Petitioner claims that his constitutional rights to due process were violated when the trial court failed to declare a mistrial *sua sponte* after testimonial evidence was presented that exposed Petitioner's status as a parolee-at-large at the time of his arrest. Petitioner informs the Court that the trial court had issued a pre-trial order for the parolee-at-large evidence's suppression. (See id.) Respondent argues that the complained of error was rendered harmless on the basis of the trial court's extensive instructions to the jury to disregard the evidence, and the strength of the other evidence presented. (Answer at 2.)

The California Supreme Court has held that "a prosecutor has a duty to guard against statements by witnesses containing inadmissible evidence." People v. Warren 45 Cal.3d 471, 481. It has further held that when prejudicial prosecutorial error is "incurable by admonition or instruction[,]" the trial court should declare a mistrial. People v. Haskett, 30 Cal.3d 841, 854.  However, a *sua sponte* motion for mistrial should be rarely made, see Carillo v. Superior Court, 145 Cal.App.4th 1511, 1528 (2006), and only where there is a "legal necessity" to do so.  Curry v. Superior Court, 2 Cal.3d 707, 713 (1970).[2] "A mere error of law or procedure, however, does not constitute legal necessity." (Id.) Finally, a trial judge maintains broad discretion "which the 'fundamental concepts of the federal administration of criminal justice' allow . . . in determining  whether or not a mistrial is appropriate . . . ." Gori v. United States, 367 U.S. 364, 366, 81 S. Ct. 1523, 1525 (1961) [quoting United States v. Gori, 282 F.2d 43, 47 (1960)]. "Such exercise of that discretion will not be overturned on appeal unless the record demonstrates a clear abuse of that discretion." (Respondent's Lodgment 6 at 7.) Furthermore, a court should look particularly at the sufficiency of the court's remedy to address the error that could potentially lead to a mistrial. (Id.)

---

[2] In Curry, the trial court had declared a mistrial *sua sponte* on the ground that certain testimony had been erroneously admitted. The reviewing court held that "[e]ven if it had been clearly improper to admit the testimony, the ruling would not have constituted legal necessity."

13cv3009

In response to Petitioner's challenge to the trial court's failure to declare a mistrial *sua sponte*, the California Court of Appeal concluded that the prosecutorial error was relatively insignificant. (See id. at 3). Specifically, the Court of Appeal stated:

> After careful review of this colorful record, we conclude the erroneous comment was brief, unsolicited and never repeated. The court's prompt and thorough instruction to the jury cured any prejudice under the circumstances of this case. We do not find anything in the record to demonstrate misconduct by the prosecution. Indeed the record is devoid of explanation of why the officer volunteered his comment.
> (Id.)

The Court of Appeal reasoned that the trial court had appropriately addressed the impropriety by giving extensive jury instructions to disregard the parolee-at-large testimony, and by providing the defense an opportunity to move for a mistrial. (Id.) However, defense counsel declined to move for a mistrial, and instead desired the court's *sua sponte* declaration of a mistrial, or a dismissal of the charges. (Id.) In other words, "the defense was satisfied with the state of evidence at that time and refused to request a mistrial." (Id.) Petitioner's counsel's last hope in avoiding Petitioner's convictions hinged on a *sua sponte* declaration of mistrial by the trial court, which would have effectively barred retrial of the state's claims against Petitioner, as double jeopardy would have attached. Curry v. Superior Court, 2 Cal.3d 707, 714 (1970).

In the present case, the trial court's declination to declare a mistrial *sua sponte* was sound. To have done differently would have effectively barred the retrial of the charges against Petitioner. Moreover, the U.S. Supreme Court and the Ninth Circuit have held that federal habeas corpus relief is not appropriate in these circumstances. "Failure to comply with [a] state's rules of evidence is . . . [not] a sufficient basis for granting habeas relief." Jammal v. Van de Kamp, 926 F.2d 918, 919 (9th Cir. 1991). Furthermore, the erroneous admission of evidence is "not part of a federal court's habeas review" unless it resulted in a violation of the "Constitution, laws, or treaties of the United States." 28 U.S.C. § 2241; Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Even evidence admitted in violation of due process only warrants relief when it is "of

13cv3009

such quality as necessarily prevents a fair trial." <u>Jammal</u>, 926 F.2d at 920 (<u>quoting</u> <u>Kealohapauole v. Shimoda</u>, 800 F.2d 1463, 1465 (9th Cir. 1986)). The Ninth Circuit has recognized this restrictive standard:

> The Supreme Court has made very few rulings regarding the admission of evidence as a violation of due process. Although the Court has been clear that a writ should be issued when constitutional errors have rendered the trial fundamentally unfair, it has not yet made a clear ruling that admission of irrelevant or overtly prejudicial evidence constitutes a due process violation sufficient to warrant issuance of the writ. Absent such 'clearly established Federal law,' we cannot conclude that the state court's ruling was an 'unreasonable application.' Under the strict standards of AEDPA, we are therefore without power to issue the writ on the basis of [Petitioner's errone-ous admission of evidence] claims (citations omitted).

<u>Holley v. Yarborough</u>, 568 F.3d 1091, 1101 (9th Cir. 2009).

This Court cannot disturb the trial court's discretion to allow the jury to disregard the complained-of testimony unless the admission of the testimony rendered the trial "arbitrary or fundamentally unfair." <u>Batchelor v. Cupp</u>, 693 F.2d 859, 865 (9th Cir. 1982). This Court agrees with the decision rendered by the Court of Appeal, insofar as its determination that extensive jury instructions and admonitions, and the extension of an offer to grant a defense motion for a mistrial, eliminated any prejudice towards Petitioner that would warrant federal habeas corpus relief. The Court finds that the complained-of testimony did not render the trial "arbitrary or fundamentally unfair."

Even if Petitioner's due process rights were violated by the trial court's refusal to declare a mistrial *sua sponte* (which they were not), the evidence supporting Petitioner's conviction was overwhelming. Petitioner attempted to steal liquor from a drug store, then engaged in a physical altercation with the store's asset protection agent after the agent confronted Petitioner, which then led to the Petitioner's infliction of physical harm and injuries to the store's agent. (<u>See</u> Respondent's Lodgment 6 at 3-5.) The veracity of these allegations against Petitioner were substantiated through credible witness testimony at Petitioner's trial. These acts support Petitioner's convictions for robbery (Cal. Penal Code § 211), assault with a deadly weapon [Cal. Penal Code §

13cv3009

245(a)(1)], and burglary in the second degree (Cal. Penal Code § 459). Therefore, Petitioner's claim in this regard is DENIED.

**B. <u>Petitioner's Complaint Regarding the Timely Receipt of Mail</u>**

Petitioner also alleges that the correctional institution in which he resides has failed to deliver his mail in a timely fashion. (Petition, Attachment A at ii.) Petitioner claims that delaying his mail denies him access to the courts, as required by the United States Constitution. (<u>Id</u>.) However, Petitioner does not contend that the mail delivery issue provides grounds for federal habeas corpus relief. (<u>See id</u>.) Thus, despite Petitioner's claim, it is irrelevant in this Court's determination of federal habeas corpus relief. The Court agrees with Petitioner. A prison's failure to timely deliver mail to an inmate is not cognizable on federal habeas corpus review. Moreover, even if the mail delivery issue was cognizable on federal habeas corpus review, the claim is unexhausted because it was never presented to the California Supreme Court. (See Respondent's Lodgment 7). As a result, Petitioner's claim in this regard is DENIED.

VI.

<b><u>CONCLUSION AND RECOMMENDATION</u></b>

After a review of the record in this matter, the undersigned Magistrate Judge RECOMMENDS that the Petition for Writ of Habeas Corpus be DENIED. This report and recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to the provision of 28 U.S.C. § 636(b)(1).

IT IS ORDERED that no later than <u>July 3, 2014</u>, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to the objections shall be filed with the court and served on all parties no later than <u>July 17, 2014</u> The parties are advised that failure to file objections within the specified time may waive the right to

13cv3009

raise those objections on appeal of the Court's order. Martinez v. Ylst, 951 F.2d 1153

(9th Cir. 1991).

DATED:  June 3, 2014

Hon. William V. Gallo
U.S. Magistrate Judge

13cv3009