1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVI JAMES,<br><br>                    Petitioner,<br>   vs.<br><br>HEIDI LACKNER, et al.,<br><br>                    Respondent. | CASE NO. 13cv3009 GPC (WVG)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>(ECF NO. 1.) |

**I. INTRODUCTION**

Petitioner Levi James ("Petitioner"), a state prisoner proceeding *pro per*, filed a Petition for Writ of Habeas Corpus ("Petitioner ") under 28 U.S.C. § 2254. (ECF No. 1.) Respondent, Heidi Lackner ("Respondent"), filed an answer to the Petition, (ECF No. 4), and Petitioner filed his Traverse. (ECF No. 8.) On June 3, 2014, pursuant to 28 U.S.C. § 636(b)(1), the Honorable William V. Gallo, United States Magistrate Judge ("Magistrate Judge") submitted a report and recommendation ("R&R"), recommending that this Court deny the Petition. (ECF No. 9.) After a thorough review of the issues and for the reasons set forth below, this Court **ADOPTS** the Magistrate Judge's R&R and **DENIES** the Petition.

**II. BACKGROUND**

Following a jury trial, Petitioner was convicted on June 7, 2012 in San Diego

1  County Superior Court Case number SCN302219 of four counts: (1) robbery; (2)
2  assault with a deadly weapon; (3) burglary; and (4) and petty theft. (Lodgment No. 1
3  at 18-21.)  Petitioner was sentenced to a total prison term of four years and eight
4  months. (Id. at 159-60, 178.)

5        Petitioner appealed his conviction to the California Court of Appeal, Fourth
6  Appellate District, Division One. (Lodgment No. 3.) On June 26, 2013, the appellate
7  court affirmed Petitioner's conviction as to counts (1)-(3) and reversed his conviction
8  for petty theft in count (4), finding that it was a lesser included offense of robbery in
9  Petitioner's case. (Lodgment No. 6 at 9.)  Petitioner then filed a Petition for Review
10 in the California Supreme Court, (Lodgment No. 7), and the California Supreme Court
11 denied the petition without comment on September 11, 2013. (Lodgment No. 8.)

12       On December 6, 2013, Petitioner filed a Petition for Writ of Habeas Corpus
13 ("Petition"). (ECF No. 1.)  In his Petition, Petitioner alleges that his Constitutional
14 right to due process was violated by the state court "failing to Sua Sponte grant a
15 mistrial after the government's witness failed to obey in limine orders of the court."
16 (Id. at 14-15.)  Petitioner also contends that his Constitutional right to access to the
17 courts has been violated because he has received his legal mail with significant delay
18 and opened by staff while in custody. (Id. at 14.)  However, Petitioner concedes that
19 this claim concerning his legal mail is unexhausted. (Id.)

20       On February 11, 2014, Respondent filed an answer to the Petition. (ECF No.
21 14.) On March 10, 2014, Petitioner filed his Traverse. (ECF No. 8.) On June 3, 2014,
22 after fully considering the Petition, Respondent's answer, and Petitioner's Traverse, the
23 Magistrate Judge issued the R&R, recommending this Court deny the Petition. (ECF
24 No. 9.)

### III.  LEGAL STANDARD

26       In reviewing a magistrate judge's report and recommendation, a district court
27 "must make a *de novo* determination of those portions of the report . . . to which
28 objection is made" and "may accept, reject, or modify, in whole or in part, the findings

or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b). However, when neither party timely objects to the magistrate judge's proposed findings of fact, the district court "may assume their correctness and decide the motion on the applicable law." Campbell v. U.S. Dist. Court for the N. Dist. of Cal., 501 F.2d 196, 206 (9th Cir. 1974). Under such circumstances, the Ninth Circuit has held that "a failure to file objections only relieves the trial court of its burden to give *de novo* review to factual findings; conclusions of law must still be reviewed *de novo*." Barilla v. Ervin, 886 F.2d 1514, 1518 (9th Cir. 1989) (citing Britt v. Simi Valley Unified Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983)).

## IV. DISCUSSION

### A. Petitioner's Claims

The Court received no objections to the R&R and no request for an extension of time in which to file any objections. Therefore, the Court assumes the correctness of the Magistrate Judge's factual findings and adopts them in full. The Court has conducted a *de novo* review, independently reviewing the R&R and all relevant papers submitted by both parties, and finds that the R&R provides a correct analysis of the claims presented in the instant petition.

Accordingly, the Court **ADOPTS** the recommendation that Petitioner's due process claim be denied, and **DENIES** Petitioner's violation of due process claim.[1]

### B. Request for Evidentiary Hearing

Petitioner requests an evidentiary hearing in his Petition. (ECF No. 1 at 13, 15.) Petitioner offers no arguments in support of his request. (ECF No. 1.) "In habeas proceedings, an evidentiary hearing is required when the petitioner's allegations, if

---

[1] The Court agrees with the Magistrate Judge's determination that Petitioner's claim concerning the delivery of mail while in custody does not warrant habeas relief. (ECF No. 9 at 11.) "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). By Petitioner's own admission, he has not met the exhaustion requirement for this claim. (ECF No. 1 at 14.) Therefore, the Court **ADOPTS** the recommendation that Petitioner's mail delivery claim be denied, and **DENIES** Petitioner's mail delivery claim.

proven, would establish the right to relief." <u>Totten v. Merkle</u>, 137 F.3d 1172, 1176 (9th Cir. 1998).  "However, an evidentiary hearing is *not* required on issues that can be resolved by reference to the state court record."  <u>Id.</u>  Here, the Court can resolve Petitioner's claims based on the state court record.  Accordingly, the Court **DENIES** Petitioner's request for an evidentiary hearing.

**C.    Request for Appointment of Counsel**

Petitioner further requests appointment of counsel in his Petition.  (ECF No. 1 at 15.)  Petitioner again offers no arguments in support of his request.  (ECF No. 1.)  The Ninth Circuit has held that the Sixth Amendment right to counsel does not apply in habeas corpus actions.  <u>Anderson v. Heinze</u>, 258 F.2d 479, 481 (9th Cir. 1958). "Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." <u>Chaney v. Lewis</u>, 801 F.2d 1191, 1196 (9th Cir. 1986) (citing <u>Kreiling v. Field</u>, 431 F.2d 638, 640 (9th Cir.1970) (per curiam); <u>Eskridge v. Rhay</u>, 345 F.2d 778, 782 (9th Cir.1965)).  The district court has discretion to appoint counsel for indigents when it determines "that the interests of justice so require."  18 U.S.C. § 3006A(g).  Finding that Petitioner's Petition does not necessitate assistance of counsel to prevent due process violations, the Court **DENIES** Petitioner's request for appointment of counsel.  <u>See</u> <u>Chaney</u>, 801 F.2d at 1196.

**D.    Certificate of Appealability**

Petitioner requests a certificate of appealability in his Traverse.  (ECF No. 8 at 2.)  Rule 11 of the Federal Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate of appealability should be issued only where the petition presents "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A certificate of appealability "should issue when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable

whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Based on the Court's review of the Petition, the Court finds no issues are debatable among jurists of reason and that no jurists of reason would find it debatable whether the district court was correct in its procedural ruling. See id. Accordingly, the Court **DENIES** Petitioner's request for a certificate of appealability.

## V.  CONCLUSION AND ORDER

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Court **ADOPTS** the Magistrate Judge's R&R in its entirety and **DENIES** the Petition, (ECF No. 1), with prejudice and without leave to amend. The Clerk of Court is instructed to close the case.

**IT IS SO ORDERED.**

DATED: August 4, 2014

HON. GONZALO P. CURIEL
United States District Judge